JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

JANICE R. RUSSELL, Trustee of the MASSA FAMILY TRUST

## DEFENDANTS

NATIONWIDE MUTUAL INSURANCE COMPANY, DOE ONE, DOE TWO, DOE THREE, DOE FOUR, DOE FIVE, DOE SIX, DOE SEVEN, DOE EIGHT, DOE NINE and DOE TEN

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Julian J. Pardini, Esq. (SB # 133878)
LEWIS BRISBOIS BISGAARD & SMITH
One Sansome Street, 14th Floor
San Francisco, CA 94104
(415) 362-2580

Attorneys (If Known)
JOHN F. DeMEO, Esq; JOSHUA M. WEST, Esq.
CARMEN D. SINIGIANI, ESQ.
DeMeo DeMeo & West
565 West College Avenue
Santa Rosa, CA 95401 Ph: (707) 545-3232

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities- Employment | [ ] 540 Mandamus & Other | | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities- Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. 1332 (diversity of citizenship)

Brief description of cause: Plaintiff filed breach of contract, breach of covenant of good faith and fair dealing action.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 0.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE February 13, 2008

SIGNATURE OF ATTORNEY OF RECORD _Julian J. Pardini_

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

1   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    JULIAN J. PARDINI, SB# 133878
2   One Sansome Street
    Suite 1400
3   San Francisco, California 94104
    Telephone: (415) 362-2580
4   Facsimile: (415) 434-0882
    pardini@lbbslaw.com
5
    Attorneys for Defendant
6   NATIONWIDE MUTUAL INSURANCE COMPANY

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11                 **CV 08            0918**

12  JANICE R. RUSSELL, Trustee of the MASSA )   CASE NO.
    FAMILY TRUST,                           )
13                                          )   **NOTICE OF REMOVAL OF ACTION**
                  Plaintiff,                )   **PURSUANT TO 28 U.S.C. § 1441(b)**
14                                          )   **(DIVERSITY) AND JURY DEMAND**
            v.                              )
15                                          )
    NATIONWIDE MUTUAL INSURANCE             )
16  COMPANY, DOE ONE, DOE TWO, DOE          )
    THREE, DOE FOUR, DOE FIVE, DOE SIX,     )
17  DOE SEVEN, DOE EIGHT, DOE NINE, AND     )
    DOE TEN,,                               )
18                                          )
                  Defendants.               )
19  _____)

20  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21          PLEASE TAKE NOTICE THAT Defendant Nationwide Mutual Insurance Company

22  ("Nationwide Mutual"), by and through its undersigned attorneys of record, hereby remove to this

23  Court the state court action described below.

24                  **JURISDICTION AND VENUE**

25          1.      This Court has subject matter jurisdiction of this action under 28 U.S.C. §1332, and

26  is one which may be removed to this Court by Nationwide Mutual pursuant to the provisions of

27  28 U.S.C. §1441(b), in that it is a civil action between citizens or subjects of a foreign state and a

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1   citizen of a different state, and the amount in controversy as alleged in the complaint exceeds the

2   sum of $75,000, exclusive of interest and costs.

3        2.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§

4   1391(b) and (c), because Plaintiff is subject to personal jurisdiction in this judicial district and a

5   substantial part of the events giving rise to this lawsuit occurred in this division of the Northern

6   District of California.

7                           **GROUNDS FOR REMOVAL**

8        3.     On January 3, 2007, Plaintiff JANICE R. RUSSELL, Trustee of the MASSA

9   FAMILY TRUST ("Plaintiff"), by and through her attorneys of the law firm of DeMeo DeMeo &

10  West, filed a civil action in the Superior Court of the State of California for the County of Napa

11  against Nationwide Mutual, entitled *Janice R. Russell, Trustee of the MASSA FAMILY TRUST, v.*

12  *Nationwide Mutual Insurance Company, Doe One, Doe Two, Doe Three, Doe Four, Doe Five,*

13  *Doe Six, Doe Seven, Doe Eight, Doe Nine, and Doe ten*, Napa County Superior Court Case No.

14  26-40617. A true and correct copy of the complaint is attached as Exhibit A.

15       4.     Plaintiff's Complaint was served on Nationwide Mutual on January 15, 2008.

16  Thus, the time limit for removal set forth in 28 U.S.C. §1446(b) has been satisfied.

17       5.     The basis for removal is that Plaintiff is a citizen and resident of the State of

18  California, while Nationwide Mutual is a corporation organized and existing under the laws of the

19  State of Ohio, with its principal place of business in Des Moines, Iowa. This Court therefore has

20  original jurisdiction of this action under 28 U.S.C. §1332 because Nationwide Mutual is a citizen

21  or subject of foreign states and Plaintiff is a citizen of the State of California.

22       6.     Plaintiff's Complaint alleges that she is entitled to recover a jury verdict in the

23  amount of $369,832.64, plus additional sums for additional items covered under the Policy, and

24  also includes prayers for general damages, special damages, exemplary damages, attorney fees,

25  prejudgment interest, and costs. It is well established that exemplary or punitive damages are part

26  of the amount in controversy in a civil action. *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927,

27  945 (9th Cir. 2001). Thus, Nationwide Mutual has satisfied its burden of showing that the amount

28  / / /

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1  in controversy substantially exceeds $75,000, as required for removal pursuant to 49 U.S.C.

2  §11706.

3  ## **DEMAND FOR JURY TRIAL**

4       7.       Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Nationwide

5  Mutual hereby demands a trial by jury.

6       WHEREFORE, Defendant Nationwide Mutual prays that this action be removed to this

7  Court.

8

9

10  DATED: February *13*, 2008           LEWIS BRISBOIS BISGAARD & SMITH LLP

11

12

13                                  By

14                                      Julian J. Pardini
                                       Attorneys for Defendant NATIONWIDE MUTUAL
                                       INSURANCE COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4836-0458-2402.1
NOTICE OF REMOVAL OF ACTION AND JURY DEMAND

Exhibit "A"

 

1  JOHN F. DeMEO, ESQ. - SBN: 28891
   JOSHUA M. WEST, ESQ. - SBN:118463
2  CARMEN D. SINIGIANI, ESQ. - SBN: 238895
   DeMEO DeMEO & WEST
3  565 WEST COLLEGE AVENUE
   SANTA ROSA, CA 95401
4  (707) 545-3232 PHONE
   (707) 545-1725 FAX
5

6  Attorneys for Plaintiff
   JANICE R. RUSSELL, Trustee of the
7  MASSA FAMILY TRUST

**ENDORSED**

JAN 0 8 2008

Clerk of the Napa Superior Court
By:    N. BENAVIDEZ
                        Deputy
CASE MANAGEMENT CONFERENCE
DATE: 6-11-08
TIME: 8:30am
PLACE: Courtroom _____ A
825 Brown Street, Napa CA 94559

9  **SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA**

10

11  JANICE R. RUSSELL, Trustee of the MASSA
12  FAMILY TRUST

13          Plaintiff,

14      vs.

15  NATIONWIDE MUTUAL INSURANCE
16  COMPANY, DOE ONE, DOE TWO, DOE
    THREE, DOE FOUR, DOE FIVE, DOE SIX,
    DOE SEVEN, DOE EIGHT, DOE NINE, and
17  DOE TEN,

18          Defendants.
    _____/

No. 26 - 40617

**COMPLAINT**

(Breach of Contract, Breach of
Covenant of Good Faith and Fair
Dealing - Fire Insurance Policy)

_____
          Unlimited Civil

19

20          **FIRST CAUSE OF ACTION AS AGAINST**
21              **ALL DEFENDANTS**
                **(Breach of Contract)**

22      Plaintiff JANICE R. RUSSELL, trustee of the MASSA FAMILY TRUST complains

23  against Defendants NATIONWIDE MUTUAL INSURANCE, DOE ONE, DOE TWO, DOE

24  THREE, DOE FOUR, DOE FIVE, DOE SIX, DOE SEVEN, DOE EIGHT, DOE NINE, and

25  DOE TEN and each of them, and alleges for first cause of action as follows:

26

27      1. Plaintiff JANICE R. RUSSELL, as Trustee of the MASSA FAMILY TRUST, is, and

28  at all times herein mentioned was, the owner of certain real property with a warehouse storage

_____
                    1
              **COMPLAINT**

 

1  facility, a detached garage, and certain personal property located therein at 2243 Clay Street, City

2  of Napa, County of Napa, California, hereinafter referred to as "the insured premises."

3      2.  JANICE R. RUSSELL is, and at all times herein mentioned was, the trustee of the

4  MASSA FAMILY TRUST.

5      3.  Defendant NATIONWIDE MUTUAL INSURANCE COMPANY is, and at all times

6  herein mentioned, a corporation organized and existing under the laws of Ohio, and authorized to

7  transact and transacting the business in California.  At all times herein mentioned, Defendant

8  NATIONWIDE MUTUAL INSURANCE COMPANY was, and now is, engaged in the business

9  of writing insurance policies insuring against, among other things, loss of fire, and in such

10  policies providing for payment of the amount fixed therein in the event of loss by fire of the

11  property described and covered by such policies, in Napa County, California, as well as other

12  areas of California and the United States.

13      4.  Defendants DOE ONE and DOE TWO, are, and at all times herein mentioned,

14  corporations authorized to transact and transacting business in California.  At all times herein

15  mentioned, Defendants DOE ONE and DOE TWO were, and now are, engaged in the business of

16  writing insurance policies insuring against, among other things, loss of fire, and in such policies

17  providing for payment of the amount fixed therein in the event of loss by fire of the property

18  described and covered by such policies, in Napa County, California, as well as other areas of

19  California and the United States.

20      5.  The true names or capacities, whether individual, corporate, associate or otherwise, of

21  Defendants, DOE ONE to DOE TEN, are unknown to Plaintiff, who therefore sues said

22  Defendants by such fictitious names, and Plaintiff will amend this complaint to show their true

23  names and capacities when the same have been ascertained.  Plaintiff is informed and believes

24  and thereon alleges that each of the Defendants designated herein as a Doe are legally responsible

25  in some manner for the events and happenings herein referred to, and legally caused injury and

26  damages proximately thereby to the Plaintiff as herein alleged.  Plaintiff is informed and

27  believes and thereon alleges that DOES ONE through TEN, are citizens and residents of the

28  State of California and/or corporations authorized to transact business in the State of California,

 

1  who either issued the said policy, made representations, and promises to Plaintiff during the sale

2  of the Policy, which is the subject matter of this action or participated in processing Plaintiff's

3  claim for benefits under the Policy, which is the subject matter of this action.

4      6.  At all times herein mentioned, Defendants NATIONWIDE MUTUAL INSURANCE

5  COMPANY, DOE ONE and DOE TWO were the agents and employees of each other and of the

6  remaining defendants, DOES THREE through TEN, and were at all times acting within the

7  purpose and scope of said agency and employment, and each defendant has ratified and approved

8  the acts of his or its agent.

9      7.  On or about June 15, 2006, Defendants, and each of them, in consideration of the

10  payment by Plaintiff to Defendants of the premium of $2,025.00, issued a written policy of

11  insurance, No. ACPCPP7850698462, hereinafter referred to as "the policy," to Plaintiff. By the

12  terms of the policy and in consideration of the aforesaid payment, Defendants, and each of them,

13  insured Plaintiff for a period of 12 months, from June 15, 2006 to June 15, 2007, against, among

14  other things, loss by fire of the property mentioned in Paragraph 1 with the following coverages,

15  among others:

16

| COVERAGE | LIMITS OF LIABILITY |
|---|---|
| A.  Commercial warehouse storage facility and detached garage, located 2243 Clay Street, Napa, California. | $966,300.00 (90% of value) |
| B.  Business Income Loss | $31,500.00 |
| C.  Increased Cost of Construction Due to Enforcement of Ordinances or Law | $10,000.00 |
| D.  Debris Removal | $10,000.00 |
| E.  Pollutant Clean Up and Removal | $10,000.00 |

24

A copy of the insurance policy is attached hereto as Exhibit A and is hereby referred to

and made a part hereof as fully as if it were set out at length herein.

8.  On or about August 25, 2006, while the policy was in full force and effect, the above-

described warehouse storage facility, detached garage, and personal property therein were totally

---
3
**COMPLAINT**

 

1  destroyed by fire, thereby causing Plaintiff to sustain a loss in the sum of $984,016.02 for the
2  warehouse storage facility and detached garage, plus further sums for loss of personal property
3  therein, and other sums for additional expenses incurred for cleanup costs, pollution cleanup,
4  debris removal, fencing rental and other incidental expenses relating thereto.  Plaintiff's losses
5  and damages in respect to loss of personal property, cleanup costs, pollution cleanup, debris
6  removal, and all other ongoing and incidental expenses are not presently fully ascertained and
7  Plaintiff prays leave to insert and prove these elements of damages in this respect when the same
8  are fully determined.

9       9.  Immediately after sustaining the loss, to wit, on August 25, 2006, Plaintiff gave
10  Defendants written notice of the fire and loss.

11      10.  On January 24, 2007, Defendants issued a check in the amount of $528,902.42, for
12  what Defendants represented as the replacement cost for the warehouse building loss, less the
13  $1,000 deductible and less the sum of $75,000 previously advanced to Plaintiff.  Defendants also
14  issued eight (8) checks totaling $56,895.75 for partial payment of incidental expenses including
15  cleanup costs, pollution cleanup, debris removal, fencing rental, and lost rental income.

16      11.  By letter dated February 7, 2007, Defendants extended the filing date for the Sworn
17  Statement in Proof of Loss to February 28, 2007.  By letter dated February 16, 2007, Plaintiff,
18  through Plaintiff's counsel, submitted the Sworn Statement in Proof of Loss to Defendants.

19      12.  After receipt of the Sworn Statement in Proof of Loss, Defendants notified Plaintiff
20  by letter dated February 26, 2007, that they were taking exception to the Proof of Loss and would
21  refuse to accept it.  Plaintiff's counsel responded by letter dated March 6, 2007, stating that
22  Plaintiff had taken steps to obtain contracting bids and that a supplemental Proof of Loss would
23  be provided by way of forwarding a licensed contractor's estimate of the replacement cost of the
24  building when received.

25      13.  By letter dated March 16, 2007, Defendants extended the time to serve Plaintiff's
26  supplemental Proof of Loss to March 26, 2007, even though the Proof of Loss had already been
27  submitted and received by Defendants, which Proof of Loss stated that the claim was in the full
28  amount of the policy coverage of $966,300, plus the other benefits provided thereunder.

4
**COMPLAINT**



14. By letter dated, April 2, 2007, Defendants notified Plaintiff that they will be denying any future claims stating, arbitrarily, that "adequate time" has passed to enable the insured's to file a complete Proof of Loss. Defendants stated further, in said letter, that all further claims submitted under the Policy were denied, even though Plaintiff had provided a sworn Proof of Loss within the time limited imposed by Defendants.

15. Defendants have failed and refused to pay Plaintiff the full amount of loss sustained by her as a result of the fire and within the policy limits (as set forth in Exhibit A) as alleged in paragraph 8. Defendants, without legal cause or right, continue to refuse to pay to Plaintiff the balance owed under the policy.

16. Plaintiff has performed all of the conditions of the policy to be performed on her part, except for the requirement that this action be commenced within 12 months from the date of loss. Defendants waived this requirement and are estopped to rely on it for the following reasons: (1) Defendants agreed, in writing, to toll the period for filing an action until January 26, 2008; (2) After receiving notice of the loss, Defendants participated with Plaintiff in negotiations looking to a compromise settlement of the amount of her claim and led Plaintiff to believe to rely on Defendants' statements that the amount due would be paid; (3) These negotiations and representations extended over a period beyond twelve months following the loss; (4) It was not until April 2, 2007, that Defendants stated, in writing, that they would not continue to negotiate the claim and, in effect, Defendants arbitrarily, capriciously, and without legal cause, denied Plaintiff's claim on April 2, 2007 and refused to recognize any and all additional losses suffered by Plaintiff which are covered under the Policy.

17. As a direct and proximate result of Defendants' failure and refusal to pay Plaintiff the full amounts agreed by it to be paid in the event of loss by fire, Plaintiff has been damaged in the sum of $369,832.64 as and for the balance owed to Plaintiff for destruction of the property plus additional sums for additional items covered under the Policy.

\\

\\

\\

 

## SECOND CAUSE OF ACTION AS AGAINST
## ALL DEFENDANTS
### (Breach of Covenant of Good Faith and Fair Dealing)

Plaintiff JANICE R. RUSSELL, trustee of the MASSA FAMILY TRUST complains against Defendants NATIONWIDE MUTUAL INSURANCE, DOE ONE, DOE TWO, DOE THREE, DOE FOUR, DOE FIVE, DOE SIX, DOE SEVEN, DOE EIGHT, DOE NINE, and DOE TEN, and each of them, and alleges for a second cause of action as follows:

18. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs one through seventeen inclusive of the first cause of action hereinabove set forth.

19. The Policy was purchased by Plaintiff in the reasonable expectation that it would provide coverage for claims relating to Plaintiff's commercial warehouse, the detached garage, and the contents, including claims due to a fire loss and that Defendants would deal with Plaintiff fairly, equitably, in good faith and in full conformity with the express and implied terms of the policy. This expectation was brought about and intended by Defendants as a result of the contractual language in the Policy and by the express representations of the respective employees, agents and representatives of Defendants.

20. Defendants, and each of them, breached the implied covenant of good faith and fair dealing under the policy by unreasonably denying Plaintiff's claim without proper legal cause in that Defendants refused to process the balance of Plaintiff's claims. Defendants, and each of them, were aware that they and each of them had no valid defense against payment of said claims. Defendants were informed through multiple letters that Plaintiff was actively pursuing contracting bids for the destroyed premises as the bid provided by Defendants was inadequate and failed to express the actual loss of Plaintiff. Plaintiff had submitted a Proof of Loss and informed Defendants that it would be supplemented with a contractor's estimate of the loss, as soon as an estimate could be had and that Defendants' estimate of the loss was inadequate, low, and not in conformity with the benefits provided for in the subject insurance policy.

21. Defendants responded that they felt their construction bid was adequate, stating, in

 

their letter of February 7, 2007, that:

> "I understand from your letter that the insured is now not necessarily in agreement with the bid from Bowman Construction and that you are reviewing this matter further. Mr. Bowman was hired by Nationwide Mutual to work with the insured (Michael Clark)(sic) to determine the cost to reconstruct the damaged building as it was in its pre-loss state. Since the building was a total loss, Mr. Bowman spent a lot of time with Mr. Clark to get his input on the layout and provided Mr. Clark with a copy of the bid for review.... please keep in mind that the Bowman bid has many open items. These are items such as permits, landscaping, engineering, etc. These are covered costs however; we need actual bids in order to pay them."

22. Instead of cooperating with and working with Plaintiff and allowing Plaintiff adequate time to obtain her own contractor to determine the replacement cost of the buildings, Defendants rejected Plaintiff's Proof of Loss, stating in their February 26, 2007 letter:

> "Unfortunately, we must take exception to it for the following reasons.
> 1. Item 7 - The Actual Cash Value....-was filled in 'To Be Determined'
> 2. Item 8 - The Whole Loss and Damage...-was filled in 'To Be Determined'
> 3. Item 9 - The Amount Claimed...-was filled in 'To Be Determined; not less than policy limits.'
> As I'm sure you are aware, the Proof of Loss is the insured's Sworn Statement of Loss. It should be precise as to what the insureds are making claim for and what they feel their loss is. We cannot accept this Proof as it remains open ended."

In Defendants' letter of February 7, 2007, they indicated that their contractor's bid had many open items but nonetheless refused to accord Plaintiff the same courtesy, status, and position as to Plaintiff's open items.

23. On or about March 16, 2007, Defendants again inexplicably advised that the Proof of Loss and the Policy required immediate compliance even though they acknowledged that Plaintiff had not yet been able to obtain contracting bids or estimate which were necessary in order to accurately ascertain the Plaintiff's loss under the policy. In their letter of March 16, 2007, Defendants state, in part:

> "Please provide me with the names of the contractors you are having bid the job and I will set up a meeting with all the parties to move forward on this issue. We feel that ample time has gone by now and the insured should have been able to obtain at least one bid for our review. We were able to accomplish this by January by working with Mr. Clark.

 

In regards to your comments on the Proof of Loss, please remember that it is a condition of the contract. Per my letter to you dated February 26, 2007 we have extended the filing date yet again, to March 26, 2007. Failure to comply with this provision *may* jeopardize coverage for the remainder of the insured's claim (emphasis added)."

24. On March 26, 2007, Plaintiff, through her counsel, responded by facsimile and U.S. Mail, to Defendants letter of March 16, 2007, stating, in part:

"Thank you for extending the filing date on the Proof of Loss. I do want to bring your attention that the Proof of Loss has already been filed. It will be supplemented in due time. I am sure you can understand the severe shock of having a fire destroying ones property and then having to deal with the issues that one is confronted with as a result of such a loss. Janice Russell and Michael Clark are doing everything they can to move the matter forward. Again, March 26, 2007, is not a realistic deadline, especially in view of the fact that the Proof of Loss has already been filed and will be supplemented in due time."

25. Only two weeks later and without prior notice, Defendants arbitrarily cut-off Plaintiff's right to any further reimbursement under the policy notwithstanding the fact that Defendants were not and to this date are not prejudiced by a further extension of time to supplement the Proof of Loss. In their letter of April 2, 2007, they stated, in part:

"We feel that adequate time has passed to enable the insured's to file a Proof of Loss. We have asked on several occasions to meet with and your contractors to try to move the scope and estimating process forward....It does not seem reasonable that the insured cannot provide an estimate for our review and/or meet with us to go over the estimate that was submitted by Mr. Bowman to identify any possible errors.

Based on the insured's failure to comply with the above duties we regrettably must deny any further claims submitted under the above referenced claim number. This includes but is not limited to, the replacement costs pending on the structure and any outstanding payment for fees."

26. Plaintiff has subsequently submitted claims for additional funds due under the Policy, however Defendants have refused to process the claims or respond at all. Moreover, Defendants thereafter have not obtained and/or paid out costs and losses for several items of substantial financial import disclosed in their Bowman Construction bid in which they acknowledged were still in need of final payment. Defendants have paid Plaintiff only $606,467.60 for her totally

**COMPLAINT**

 

1    destroyed buildings, which, upon Defendants' underwriting and recommendations, were insured

2    for over $966,000. The actual cost of replacement of the buildings destroyed is approximately

3    $984,016.22, as reflected in the Plaintiff's contractor's estimate, which was provided to and

4    received by Defendants on or about December 7, 2007 as a supplement to Plaintiff's Proof of

5    Loss.

6         27.  Defendants, and each of them, have breached their duty of good faith and fair dealing

7    owed to Plaintiff in the following respects:

8         (a) Unreasonable and bad-faith failure to make full benefit payments to Plaintiff and failing

9    to attempt to settle the fire loss claim by their conduct in proposing and offering a bid that was

10   substantially lower than that actually required to replace the destroyed buildings at a time when

11   Defendants knew and acknowledged that Plaintiff was entitled to a replacement of the buildings

12   with like kind and quality;

13        (b) Attempting to coerce Plaintiff into accepting a replacement cost proposal by Bowman

14   Construction that was substantially less than that required to repair or replace the damaged

15   property;

16        (c) Unreasonably withholding full benefit payments from Plaintiff in bad faith, knowing

17   that Plaintiff's claim for benefits under the Policy lawfully and properly exceeded the sums

18   Defendants represented was the sums to which Plaintiff was entitled;

19        (d) Failing to reasonably investigate and process Plaintiff's claim for benefits in that had

20   Defendants adequately investigated the proposal by Bowman Construction, Defendants would

21   have and should have determined the bid and proposal did not state the proper value or adequate

22   value for restoration or repair of Plaintiff's property, nor did it adequately provide the extent of

23   benefits due under the Policy;

24        (e) Not attempting in good faith to effectuate a fair and equitable settlement of Plaintiff's

25   benefits in which liability therefore had become reasonably clear under Plaintiff's First Party

26   Insurance Contract. Defendants have refused and continue to refuse to pay the full benefits to

27   which Plaintiff is entitled under the terms of the Policy;

28        (f) Misrepresenting what coverage Plaintiff would be entitled to when a total fire loss

9

**COMPLAINT**

 

occurred, by selling Plaintiff a policy with coverage for the sum of $966,300 in replacement cost coverage for the covered buildings and other benefits and then later claiming that the replacement cost is only $682,467.60 less the sum of $76,000 advanced to Plaintiff, even though there is clear evidence that the loss exceeds the coverage of $966,300.

28. As a proximate result of the aforementioned unreasonable and bad faith conduct of Defendants, and each of them, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, and other economic and incidental damages, for a total amount to be determined at the time of trial pursuant to the evidence addressed.

29. As a further proximate result of the unreasonable and bad faith conduct of Defendants, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Defendants are liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff in order to obtain the Policy benefits in a sum to be determined at trial pursuant to the evidenced adduced.

30. Defendants' conduct described herein was intended by Defendants to cause injury to Plaintiff and/or was despicable conduct, oppressive in nature and carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff; subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, and constituted intentional misrepresentation, deceit, and/or concealment of material facts known to the Defendants with the intention to otherwise cause injury, such as to constitute malice, oppression, or fraud under the California Civil Code, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.

WHEREFORE, Plaintiff prays judgment as follows:

1. For the sum of $369,832.64 for the balance owed to Plaintiff for loss of the commercial warehouse storage facility and detached garage, plus all of the other benefits under the policy for unpaid incidental expenses and coverages (subject to the policy limit), plus interest thereon at the legal rate from December 5, 2007;

2. For punitive or exemplary damages in an amount appropriate to punish or set an

 

1  example of Defendants;

2      3.  For costs of suit herein incurred;

3      4.  For attorneys' fees incurred by Plaintiff to obtain the policy's benefits in an amount to

4  be determined at trial;

5      5.  For such other and further relief as the court may deem proper.

6

7  Dated:  January 2, 2008                    DeMEO DeMEO & WEST

8

9                                      BY
10                                          JOHN F. DeMEO
                                           Attorneys for Plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              11
                          COMPLAINT

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JULIAN J. PARDINI, SB# 133878
One Sansome Street
Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882
pardini@lbbslaw.com

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION


JANICE R. RUSSELL, Trustee of the MASSA FAMILY TRUST,

        Plaintiff,

    v.

NATIONWIDE MUTUAL INSURANCE COMPANY, DOE ONE, DOE TWO, DOE THREE, DOE FOUR, DOE FIVE, DOE SIX, DOE SEVEN, DOE EIGHT, DOE NINE, AND DOE TEN,,

        Defendants.

CASE NO. CV 08 0918 JCS

PROOF OF SERVICE

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

**FEDERAL COURT PROOF OF SERVICE**

*Janice R. Russell, et al. v. Nationwide Mutual Insurance Company, et al. -*
File No. CV 08 10918 JCS

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is One Sansome Street, Suite 1400, San Francisco, California 94104. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On February 14, 2008, I served the following document(s):

1)    Civil Cover Sheet;

2)    Notice of Removal of Action Pursuant to 28 U.S.C. § 1441(B) (Diversity) and Jury Demand;

3)    Certification of Interested Entities or Persons [N.D. Cal. Local Rule 3-16];

4)    Order Setting Initial Case Management Conference and ADR Deadlines;

5)    ECF Registration Information Handout;

6)    Notice of Assignment of Case to a United States Magistrate Judge for Trial; and

7)    Welcome to the U.S. District Court, San Francisco (Information Sheet)

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

John F. DeMeo, Esq.
DeMeo DeMeo & West
565 W. College Avenue
Santa Rosa, CA 95401
Phone: (707) 545-3232
Fax:    (707) 545-1725

The documents were served by the following means:

[X]    (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 14, 2008, at San Francisco, California.

*Karen D. Koch*
Karen D. Koch

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4830-7826-3042.1